IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MOISES DOLORES, EDUARDO CASTELAN, GELACIO REYES and GREGORIO MIRANDA**, Individually and on Behalf of All Others Similarly Situated, | ECF Case |
| Plaintiffs, | 13 Civ. 7270 (RJS)(JLC) |
| -against- | |
| **EUROPAN CAFE, LLC. d/b/a EUROPAN, THEODOROU HRISTOS, FRANK PARENTE, EVANGELOS GAVALAS, NICK GLENDIS, JAMES NICOZISIS** and **JOHN DOES #1-10**, Jointly and Severally, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

The above-captioned matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement ("Motion for Preliminary Approval").

**I.    Background and Procedural History**

1.    The parties' proposed settlement resolves all claims in the action entitled *Moises Dolores, et al. v. Europan Café, LLC, et al.*, Civil Action No. 13 Civ. 7270 (RJS) (JLC), which is currently pending before this Court.

2.    The Plaintiffs in this action allege that Europan Café, located at 135 Columbus Avenue, New York, New York 10023 paid a daily set rate such that Plaintiffs' effective hourly rate fell below the minimum wage, failed to pay overtime premiums for the hours that hourly employees worked over 40 in a workweek and spread of hours premiums for hours worked over

10 in a day and withheld gratuities from delivery employees, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").

3. On October 15, 2013, Named Plaintiffs Moises Dolores, Eduardo Castelan, Gelacio Reyes and Gregorio Miranda commenced this action as a putative class action under Fed. R. Civ. P. 23 and as a collective action under the FLSA. The Named Plaintiffs are former counter workers, kitchen staff, bus boys and delivery employees, all of whom allege that they and Defendants' other hourly employees were not paid minimum wage for all hours worked, overtime premiums when they worked in excess of 40 hours in a given workweek or spread of hours premiums when they worked in excess of 10 hours in a given day and that Defendants withheld gratuities earned by delivery employees. Defendants Europan Café d/b/a/ Europan ("Europan Café"), Theodorou Hristos ("Hristos"), Frank Parente ("Parente") and Nick Glendis ("Glendis" and, collectively with Europan Café, Hristos and Parente, "Europan" or the "Europan Defendants") filed their Answer on December 9, 2013 and Defendant James Nicozisis ("Nicozisis") filed his Answer on December 11, 2013. (Docs. 11, 13). Defendant Evangelos Gavalas ("Gavalas" and, collectively with Nicozisis and the Europan Defendants, "Defendants") did not file an Answer or otherwise appear in this action. All Defendants disputed the material allegations and denied any liability in the proposed class and collective actions.

## II. Preliminary Approval of Settlement

4. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Brent E. Pelton ("Pelton Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement

memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Pelton Declaration as Exhibit B.

5. The Settlement Agreement creates a fund of $230,000 to settle this Action (the "Settlement Fund"). (Ex. B ¶ 3.1(A))  The Settlement Fund covers class members' awards, service awards, attorneys' fees and costs, and administration fees and costs. (Ex. B. ¶ 1.26)  After attorneys' fees and costs, Service Awards for the Named Plaintiffs, settlement administration costs, the remaining funds (the "Net Settlement Fund") will be allocated among the Class Members. (Ex. B ¶ 3.4(B)).

6. According to the allocation formula set forth in the Settlement Agreement, Class Members are allocated a portion of the Settlement Amount in accordance with the following method set forth in Section 3.4 of the Settlement Agreement (Ex. B at ¶ 3.4(A)): each participating Class Member's allocation will be determined by multiplying the Net Settlement Fund by a fraction, the numerator of which is that Class Member's number of "points," calculated as 1 point for each workweek of full-time work and .2 points for each workweek of part-time work between October 15, 2007 and the date of the Preliminary Approval Order, and the denominator of which shall be the total number of points assigned to all Class Members. (Ex. B at ¶ 3.4(A)).

7. In determining each Class Member's number of points, all delivery employees will receive a multiplier of two hundred percent (200%) to reflect their additional claims for unpaid gratuities, and the Opt-In Plaintiffs and the Named Plaintiffs will receive a multiplier of one hundred and fifty percent (150%) as compensation for liquidated damages available under the FLSA. (Ex. B at ¶ 3.4(A)).

8. The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1988). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002).

9. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

10. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002). To grant preliminary approval, the Court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the Court finds that it "appears to fall within the range of possible approval," the Court should order that the class members receive notice of the settlement. *Newberg* § 11.25.

11. The Court concludes that the proposed Settlement Agreement (including the allocation formula in the Settlement Agreement ("Allocation Formula")) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

12. The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

13. Private mediator Carol Wittenberg of JAMS assisted the parties with settlement negotiations and presided a mediation session. This reinforces the non-collusive nature of the settlement. *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009).

### III. Notice

14. The Court approves the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Proposed Class Settlement Notice") attached to the Pelton Declaration as Exhibit C.

15. The content of the Proposed Class Settlement Notice fully complies with due process and Federal Rule of Civil Procedure 23.

16. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses: that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

17. The Proposed Class Settlement Notice fulfills each of these requirements and adequately puts Class Members on notice of the proposed settlement. S*ee, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Proposed Class Settlement Notice is

appropriate because it describes the terms of the settlement, informs the Class Members about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

18. The Proposed Class Settlement Notice is reasonable and constitutes due, adequate and sufficient notice to the Class Members.

19. The Court hereby adopts the following settlement approval process, which safeguards Class Members' procedural due process rights, enables the Court to fulfill its role as the guardian of class interests, and is consistent with the standard procedure for evaluating class action settlements, *See* Fed. R. Civ. P. 23(e); *Newberg* §§ 11.22 *et seq.*; *Damassia v. Duane Reade*, No. 04 Civ. 8819, No. 04 Civ.2295, 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009) (granting final approval of class action settlement after preliminary approval, notice and fairness hearing):

   a. Europan Defendants provide the Class Counsel with a list, in electronic form, of the names, dates of employment with Europan Café at 135 Columbus Avenue in one or more of the Class Positions, and last known addresses of all Class Members (the "Class List") within five (5) business days of this Order.

   b. Within ten (10) days of receiving the Class List, Class Counsel will mail the appropriate Notice to all class members.

   c. Class Members will have forty-five (45) days after mailing of the Class Notice to submit an opt-out statement, and/or to object to the settlement.

   d. The Court will hold a final fairness hearing on _____ at _____ [insert date approximately 75 days from Preliminary Approval Order] at the United States Courthouse for the Southern District of New York, 40 Foley Square, New York, New York 10007.

   e. No later than fourteen (14) days prior to the fairness hearing, Plaintiffs will prepare and file a Motion for Final Approval of the Settlement, together with a motion seeking the payment of attorneys' fees, costs, and service awards.

      f.      If the Court grants the Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

      g.      Defendants shall issue Settlement Checks to Class Counsel within five (5) days following the Effective Date. Class Counsel will distribute Settlement Checks to Participating Class Members within three (3) days after receipt of the checks from Defendants.

      h.      Class Members will have one hundred and eighty (180) days from the date of mailing of the settlement checks to accept the Settlement by presenting the check issued to him/her for payment and endorsing the release of claims.

It is so ORDERED this ___ day of _____, 2014.

_____
Honorable Richard J. Sullivan
United States District Judge