UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MOISES DOLORES, EDUARDO
CASTELAN, GELACIO REYES and
GREGORIO MIRANDA, Individually and on
Behalf of All Others Similarly Situated,

                  Plaintiffs,

-v-

EUROPAN CAFE, LLC. d/b/a EUROPAN,
THEODOROU HRISTOS, FRANK
PARENTE, EVANGELOS GAVALAS, NICK
GLENDIS, JAMES NICOZISIS and JOHN
DOES #1-10, Jointly and Severally,

                  Defendants.

No. 13-cv-7270 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Now before the Court is Plaintiffs' unopposed motion for preliminary approval of a settlement of a putative class and collective action by Moises Dolores, Eduardo Castelan, Gelacio Reyes and Gregorio Miranda (collectively referred to as "Named Plaintiffs"), on behalf of themselves and all others similarly situated, and Defendants Europan Café, LLC d/b/a Europan, Theodorou Hristos, Frank Parente, and Nick Glendis (collectively referred to as "Defendants"). The Court has considered the Settlement Agreement and Release ("Settlement") and the submissions of counsel, and hereby finds and orders as follows:

    1.    The Court finds on a preliminary basis that the Settlement filed with the Court falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

2. The Court grants preliminary approval of the parties' Settlement.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the following class: All hourly and/or non-exempt employees who worked, for any length of time, for Europan during the period between October 15, 2007 and the date of this Order.

4. Pursuant to 29 U.S.C. § 216(b), the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), the collective action on behalf of: all hourly and/or non-exempt employees who worked, for any length of time, for Europan during the period between October 15, 2007 and the date of this Order.

5. The Court appoints, for settlement purposes only, Pelton & Associates PC as "Class Counsel" for the class and collective actions.

6. The Court finds that the procedures for notifying the members of the class and collective actions about the Settlement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs the mailing of the Notices and Claim Form.

7. The Court approves, as to form and content, the Notice (attached to this Order), as revised by the Court. Class counsel is directed to mail this document to the members of the class and collective actions within ten (10) days of the date of this Order.

8. Any written objection to the settlement and/or opt-out statement by a member of the class or collective actions must be filed with this Court no later than forty-five (45) days after mailing of the Notice.

9. The Court will conduct a Fairness Hearing on April 28, 2015 at 10:00 a.m. in Courtroom 905 of the Thurgood Marshall Courthouse for the purposes of: (a) making a final determination as to certification of the collective and of the class pursuant to Rule 23 and of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and service awards to the Named Plaintiffs; (c) hearing any timely and properly filed objections; and (d) entering Final Judgment and Dismissal. The Fairness Hearing may be continued without further notice to the members of the class and collective actions. Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees, litigation costs and expenses, and service awards on or before April 14, 2015.

The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 27.

SO ORDERED.

Dated:   February 3, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you worked as a Counter Server, Kitchen Staff Member, Bus Boy, Delivery Person, or Other Hourly or Non-Exempt Employee at the Europan Café restaurant located at 135 Columbus Avenue in Manhattan at any time between October 15, 2007 and February 3, 2015, you could get a payment from a class action settlement.

*Moises Dolores, et al. v. Europan Café, LLC, et al., No. 13 Civ. 7270 (RJS) (JLC)*
*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will provide $230,000.00 to be allocated to Class Members based on: the number of workweeks that they worked during the Class Period, whether they worked full- or part-time and whether they worked as delivery employees.

- The settlement resolves a lawsuit over whether Europan Café, LLC failed to pay its non-exempt employees minimum wage, overtime premiums for hours worked in excess of forty in a given workweek and spread of hours premiums for hours worked in excess of ten in a given day, and withheld certain gratuities from delivery employees.

- The two sides disagree on whether the Class Members have a valid claim and, if so, how much money could have been won at trial.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **Do Nothing and Participate in the Settlement** | If you have received this Notice and the Court approves this settlement, you will automatically receive payment unless you opt-out as discussed below. |
| **Exclude Yourself By Opting-Out** | This option does not allow for payment through the settlement. This is the only option that allows you to ever be part of any other lawsuit against Europan Café, LLC, Hristos "Chris" Theodorou, Efren "Frank" Parente, or Nick Glendis (collectively, "Defendants") about the claims based on New York law that were asserted or raised, or that could have been asserted or raised, in this case. |
| **Object** | Write to the Court about why you don't agree with the settlement. |
| **Go To A Hearing** | Ask to speak in Court about the fairness of the settlement. |

- Your rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................. Page 3
    1. Why did I get this notice?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**..................................................................................... Page 4
    5. How do I know if I am part of the settlement?
    6. Are there exceptions to being included?
    7. I'm still not sure if I'm included.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**.................................................... Page 4
    8. What does the settlement provide?
    9. How much will my payment be?

**HOW YOU GET A PAYMENT** ....................................................................................... Page 5
    10. How can I get a payment?
    11. When would I get my payment?
    12. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**................................................. Page 6
    13. How do I get out of the settlement?
    14. If I don't exclude myself, can I sue Defendants for the same thing later?
    15. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU**........................................................................ Page 6
    16. Do I have a lawyer in this case?
    17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................................... Page 7
    18. How do I tell the Court that I don't like the settlement?
    19. What's the difference between objecting and excluding?

**THE COURT'S FAIRNESS HEARING** ......................................................................... Page 7
    20. When and where will the Court decide whether to approve the settlement?
    21. Do I have to come to the hearing?
    22. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................. Page 8
    23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**............................................................................... Page 8
    24. Are more details available?

QUESTIONS? CALL CLASS COUNSEL AT (212) 385-9700

## BASIC INFORMATION

### 1. Why did I get this notice?

Europan Café, LLC's records show that you currently work, or previously worked, as an hourly and/or non-exempt employee at the Europan Café restaurant located at 135 Columbus Avenue, New York, New York 10023 ("Europan"). The Court approved this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

Judge Richard J. Sullivan of the United States District Court for the Southern District of New York is overseeing this class action settlement. The lawsuit is known as *Moises Dolores, et al. v. Europan Café, LLC, et al.*, Civil Action No. 13 Civ. 7270.

### 2. What is this lawsuit about?

This lawsuit claimed that Europan failed to pay non-exempt employees the legally-required minimum wage, overtime premiums for hours worked in excess of forty (40) hours in a given workweek and spread of hours premiums for hours worked in excess of ten (10) hours in a given day, and withheld certain gratuities from delivery employees, all of which was allegedly in violation of the Fair Labor Standards Act and the New York Labor Law. Defendants have denied and continue to deny any liability or wrongdoing, and deny any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit.

### 3. What is a class action?

In a class action lawsuit, one or more people called "Class Representatives," (in this case Moises Dolores, Eduardo Castelan, Gelacio Reyes and Gregorio Miranda) sue on behalf of other people who have similar claims. The people, together with the Class Representatives, are a "Class" or "Class Members." One Court resolves issues for all Class Members, except for those who exclude themselves from the Class. Judge Richard J. Sullivan is in charge of this class action.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. The Plaintiffs think they could have won if they went to trial. The Defendants think the Plaintiffs would not have won anything from a trial. But there was no trial. Instead, both sides agreed to a settlement. That

way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

### 5. How do I know if I am part of the settlement?

Judge Sullivan decided that everyone who fits this description is a Class Member:

*All hourly and/or non-exempt employees who worked, for any length of time, for Europan during the period between October 15, 2007 and February 3, 2015.*

Europan's records state that you are a Class Member. If you fit this description and do not opt-out of the settlement, you will receive a distribution from this settlement.

### 6. Are there exceptions to being included?

You are not a Class Member if you did not work at Europan as an hourly or non-exempt employee during the relevant time period.

### 7. I'm still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can call Class Counsel at (212) 385-9700 for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the settlement provide?

Europan has agreed to provide a gross settlement payment of $230,000.00, inclusive of attorneys' fees and costs, service awards, and administration fees and costs, to be allocated to the Class Members, based on: the number of workweeks that each Class Member worked for Europan, whether the Class Member worked full- or part-time for each workweek, and whether the Class Member worked as a delivery employee during each workweek.

### 9. How much will my payment be?

Your share of the fund will depend on the number of workweeks you worked for Europan between October 15, 2007 and February 3, 2015, whether you worked full- or part-time each workweek, and whether you worked as a delivery employee during any workweek.

Your share will be determined by multiplying the net settlement fund by a fraction. The numerator of the fraction is calculated as your number of "points," such that you receive one point for each workweek of full-time work and .2 points for each workweek of part-time

work. In addition, Class Members who worked as delivery employees will receive a multiplier of two hundred percent (200%) or two times their number of points to reflect claims for unpaid gratuities on delivery orders. Named Plaintiffs and Opt-In Plaintiffs, who previously consented to join this litigation, will receive a multiplier of one hundred and fifty percent (150%) or one and one-half times their number of points. The denominator of the fraction will be the total number of points of all Class Members.

Based on this formula, we anticipate, at present, that you will be entitled to receive approximately $ _____ .

## How You Get A Payment

### 10. How can I get a payment?

If you have received this Notice and you do not opt-out (in accordance with the procedure more fully detailed in the next section of this Notice), you will automatically receive a settlement check, in an amount calculated in accordance with the formula set forth above in Paragraph 9, from the claims administrator so long as the Court approves the settlement and any appeals are resolved in favor of the settlement.

### 11. When would I get my payment?

The Court will hold a hearing on Tuesday, April 28, 2015 at 10:00 a.m. to decide whether to approve the settlement. If Judge Sullivan approves the settlement after the hearing, there may be appeals. It's always uncertain whether these appeals can be resolved, and resolving them can take time. Please be patient.

Upon the Court's Final Approval of the Settlement, Defendants will issue Settlement Checks within five business (5) days, and Class Counsel will distribute the checks to Class Members within three business (3) days of receiving the checks from Defendants.

### 12. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself (in accordance with the procedure more fully detailed in the next section of this Notice), you are staying in the class, and that means you will automatically release Defendants from all New York Labor Law claims that were asserted or raised, or that could have been asserted or raised, in this case. If you endorse, deposit, or cash your settlement check (as discussed in Paragraph 10), you will also release Defendants from all Fair Labor Standards Act claims that were asserted or raised, or that could have been asserted or raised, in this case. Releasing your claims means that you cannot sue, continue to sue, or be party to any other lawsuit or action against Defendants about the legal issues in this case, or that could have been asserted or raised in this case. By staying in the class and endorsing your settlement check, you are agreeing that all of the Court's orders, and the releases of claims set forth in the parties' Settlement Agreement, will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue Europan on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as opting out of the settlement Class.

### 13. How do I get out of the settlement?

To exclude yourself from the settlement, you must mail a written, signed statement including your name, address, and telephone number(s) to the settlement administrator [insert name and address for settlement administrator], stating "I opt out of the Europan unpaid wages settlement." The written opt-out statement must be postmarked no later than [insert date 45 days from mailing this Notice]. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Europan in the future.

### 14. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you automatically give up any right to sue Defendants for all New York Labor Law claims that were asserted or raised, or that could have been asserted or raised, in this case. If you endorse, deposit, or cash your settlement check, you also give up any rights to sue Defendants for all Fair Labor Standards Act claims that were asserted or raised, or that could have been asserted or raised, in this case.

### 15. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any proceeds from the settlement. But, you may sue, continue to sue, or be part of a different lawsuit against Europan.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court has decided that the law firm of Pelton & Associates, PC, 111 Broadway, Suite 1503, New York, NY 10006, (212) 385-9700 is qualified to represent you and all Class Members. These lawyers are called Class Counsel. You will not be individually charged money for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to one-third (33.33%) of the settlement amount to them for attorneys' fees, plus reimbursement of litigation and settlement administration costs. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court may award less than these amounts. Class Counsel will take their percentage of fees from your individual settlement allocation prior to your payment being sent to you. Class Counsel will also ask the Court to approve payment of up to $5,000 to each of the Named Plaintiffs for their service as Class Representatives.

## OBJECTING TO THE SETTLEMENT

You can tell the Court you don't agree with the settlement or some part of it.

### 18. How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a written statement including your name, address, and telephone number(s) to Pelton & Associates, including all reasons for the objection. The written objection statement must be postmarked no later than [insert date 45 days from mailing this Notice]. Any reasons not included in the statement will not be considered by the Court.

### 19. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

### 20. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on Tuesday, April 28, 2015 at 10:00 a.m., at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Sullivan will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

### 21. Do I have to come to the hearing?

No. Class Counsel will answer questions that Judge Sullivan may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 22. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing, although you cannot speak at the hearing if you excluded yourself.

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

So long as the Court grants final approval of the settlement, you will automatically receive a settlement check (as discussed in Paragraph 10). Please ensure that you provide Class Counsel with updated address information.

## GETTING MORE INFORMATION

### 24. Are more details available?

This notice summarizes the proposed settlement to Class Members. More details are available in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Pelton & Associates, PC, 111 Broadway, Suite 1503, New York, NY 10006. You can also call Class Counsel at (212) 385-9700 for more information regarding the settlement and whether you are eligible for a payment.

DATE: February 3, 2015