UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOISES DOLORES, EDUARDO
CASTELAN, GELACIO REYES and
GREGORIO MIRANDA, Individually and on
Behalf of All Others Similarly Situated,

                   Plaintiffs,

-v-

EUROPAN CAFE, LLC. d/b/a EUROPAN,
THEODOROU HRISTOS, FRANK
PARENTE, EVANGELOS GAVALAS, NICK
GLENDIS, JAMES NICOZISIS and JOHN
DOES #1-10, Jointly and Severally,

                   Defendants.

No. 13-cv-7270 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-7-15

RICHARD J. SULLIVAN, District Judge:

     As indicated on the record during the fairness hearing held on July 7, 2015, the Court finds that the parties' proposed settlement of this action (the "Settlement"), as set forth in Exhibit D to the Declaration of Brent E. Pelton (Doc. No. 44, Ex. D) and as modified by this Order, is fair and reasonable. Accordingly, pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335–37 (S.D.N.Y. 2012), IT IS HEREBY ORDERED THAT the Court formally certifies the FLSA collective action and grants final approval of the FLSA settlement. IT IS FURTHER ORDERED THAT, as indicated on the record during the fairness hearing, the Court formally certifies the New York Labor Law class action pursuant to Rule 23 and grants final approval of the class action settlement in accordance with the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974). Moreover, the Court finds that the service awards to the Named Plaintiffs set forth in the Settlement are fair

and reasonable.  Additionally, as indicated on the record during the fairness hearing, the Court further finds that Plaintiffs' counsel's request for attorneys' fees and costs is fair and reasonable. Thus, pursuant to *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000), IT IS FURTHER ORDERED THAT Plaintiffs' counsel are hereby awarded attorneys' fees and costs as set forth in the Settlement.

However, as discussed on the record during the fairness hearing, IT IS FURTHER ORDERED THAT the Settlement is modified in the following manner:  the parties shall submit a joint letter to the Court by September 25, 2015, apprising the Court as to the number and percentage of the Participating Class Members, as that term is defined in the Settlement, who have cashed their Settlement Checks.  In the event that this percentage is less than fifty-five percent, IT IS FURTHER ORDERED THAT the Court reserves the right to (1) extend the notice period up to sixty days; and (2) order additional notice to the class and collective action members, at a cost not to exceed $5,000.00, to be paid from the remainder of the Net Settlement Fund as of September 25, 2015.

The Court shall retain exclusive and continuing jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994).  The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry 43, and to close this case.

SO ORDERED.

Dated:     July 7, 2015
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE